Douglas R. HEFLIN and Lee Covington, Plaintiffs-Appellants,

v.

KENTUCKY STATE RACING COMMISSION; William Sturgill, Chairman; Robert C. Stilz, Vice Chairman; Anita Madden, Dale Sights, Edward McGrath, William DeHart, R.C. Durr, Robert Louis Green, Arthur B. Hancock, III and Churchill Downs, Inc.; Howard Battle, Keene Dangerfield, John G. Goode, and John Middleton, III, Defendants-Appellees.

No. 82-5062.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1983.

Decided March 11, 1983.

Thomas L. Hogan, Louisville, Ky., for plaintiffs-appellants.

M. Stephen Pitt, Wyatt, Tarrant & Combs, Louisville, Ky., Steven L. Beshear, Atty. Gen. of Ky., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, Ky., for defendants-appellees.

**600**

Before ENGEL and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Plaintiff Douglas R. Heflin, owner and trainer of thoroughbred racing horses, and plaintiff Lee Covington, a trainer of racing horses, appeal from a judgment of the district court granting the defendants' motion to dismiss for failure to state a claim under 42 U.S.C. § 1983. Plaintiffs applied for stall space in which to quarter their horses during the 1981 fall meet at Churchill Downs, and they allege that rejection of their application was arbitrary, and constituted denial of their right to due process under the Fourteenth Amendment. Plaintiffs' complaint named as defendants the Kentucky State Racing Commission, its chairman, vice-chairman, and other members, Churchill Downs, Inc., Howard Battle, the racing secretary of Churchill Downs, and defendants Dangerfield, Goode, and Middleton, racing stewards at Churchill Downs during the racing meet in question. In a carefully written opinion, United States District Judge Thomas A. Ballantine, Jr. ruled that the complaint failed to state a claim for which relief could be granted under 42 U.S.C. § 1983 because of the failure of the plaintiffs to articulate any property interest in the stall space cognizable under the due process clause of the Fourteenth Amendment. *Rodic v. Thistledown Racing Club., Inc.,* 615 F.2d 736 (6th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 535, 66 L.Ed.2d 294 (1980).

■ We agree that while plaintiffs' complaint sets forth several Kentucky statutes and regulations under which defendant Churchill Downs, Inc. is operated, these laws and regulations create no property interest in stall space at Churchill Downs. As Judge Ballantine noted, the Constitution does not create property interests. Rather, it extends various procedural safeguards to certain interests "that stem from an independent source such as state law." *Board*

*of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ Having found no protectable property interest in the stalls, the trial court did not address the question of whether Churchill Downs was acting under color of law. Defendants have raised this issue as an alternative basis for affirmance here. While the allegations in the complaint reveal that horse racing is a highly regulated business under Kentucky law, it is undisputed that Churchill Downs—in whose management is vested the responsibility for assigning stall space—is a privately owned and operated corporation. Under the circumstances set forth in the complaint, the court finds the facts here indistinguishable from those in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The fact that state regulation may be pervasive does not alone transform a private corporation's actions into state action under Section 1983. *Jackson,* 419 U.S. at 350, 95 S.Ct. at 453. Plaintiffs do not claim that they are in any way prohibited from racing their horses at Churchill Downs. Their complaint is directed solely to alleged unfairness in the allocation of the limited number of stalls which are available for rent. This matter is within the discretion of this private corporation. Plaintiffs have failed to demonstrate a "sufficiency close nexus" between the state and the challenged action of this regulated entity such that the action of Churchill Downs "may be fairly treated as that of the state itself." *Id.* at 351, 95 S.Ct. at 453.

AFFIRMED.